# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| LUCIOUS BOSWELL, | * | |
| | * | |
| Movant, | * | CASE NO. 3:07-CV- 41 HL |
| vs. | * | Rule 60(b)(6) Motion |
| | * | CASE NO. 3:96-CR-8-3 HL |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Movant Boswell filed, pursuant to Rule 60(b)(6), F.R.Cv.P., on April 27, 2007, a claim of fraud on the Distirct Court by the Government. (R-339). He opens his Motion by moving this court, "for good cause and reasons to correct the injustice that he suffers, due to the systematic conspiratorial fraudulent scheme of the Government, which deceived the Court." Boswell also contends that, "his sentencing procedure was not in compliance with Rule 43, Fed.R.Crim.P.[1], and in violation of Fed.R.Crim.P. 32(i)(1)(A), which constitute extraordinary circumstances." He states in footnote at page 22 of his Motion that, "Movant is employing Rule 60(b) because he is **attacking the integrity of his sentencing hearing**, the tainted 'PSI' Report, inasmuch as 28 U.S.C. § 2244(b)(3)(C) is not available to him, because he is not attacking the conviction." (emphasis added) Indeed, Boswell's present Rule 60(b) Motion followed, within two weeks, the decision of the United States Court of

---

[1] Boswell contends that "Rule 43(a)(3) was violated, when the court 'only' sentenced him to a term of imprisonment of LIFE without parole, while he and his attorney were both present in Court. However, when Movant received a copy of his 'Judgment and Commitment' ('J and C') Order, to his astonishment his 'J and C' reflected a sentence of LIFE on Count One, 480 months on count Two and 480 months on Count Five, all sentences to run concurrently, then consecutive was a 10 year supervised release period." (R-339-1 at 20)

Appeals for the Eleventh Circuit denying his Application To File A Second or Successive § 2255 Motion upon claims of newly discovered evidence, namely, a copy of school records, and two psychological evaluations, which he explains were first acquired from his middle school by a "Pretrial Service Officer" to be used in assessing historical factors in a Presentence Investigation Report (PSI). (R-342-2).

Movant Boswell defines his issues beginning on page 3 of his motion, saying:

> The Prosecutor (and) Pretrial Services Officer, same being the PSI Officer (Ms. T. Wong) did collude and engage in a systematic calculated scheme of suppressing material factual evidence, which ultimately deceived and manipulated the court into violating movant's due process right to have been evaluated for procedural competency. . . . The "fraud upon the court" in the instant case, prevented Movant, a medically and legally diagnosed inept moron, from being viewed by the court as such.

Movant Boswell relates that Pretrial Services Officer Wong had him sign a "multipurpose authorization to acquire his school records from Morgan County Middle School." He adds that, "However, Ms. T. Wong the PSI Officer did prepare a Report that is devoid of essential material facts which caused the court to view Movant as being competent, when in fact he was a moron with brain damage so severe, it impaired his cognitive and psychological make-up."[2] (R-339-1 at 4,5)

Movant Boswell is, *as he states,* clearly attacking the integrity of his *sentencing hearing,* and not any procedural defect in his first federal habeas/§ 2255 Motion, with his

---

[2] The PSI states at ¶ 74 that, "Boswell completed the eighth grade at Morgan County High School, Madison, Georgia. He withdrew from school on May 4, 1983, after remaining in the ninth grade for three years. School records indicate his grades were extremely poor." Additionally, the Psychological Evaluations, Movant's Exhibits C and D, do not substantiate Movants claims of moronic status.

claims of violations of Sentencing Rules 33 and 43 of the Federal Rules of Criminal Procedure, and with his claim of fraud upon the court by the prosecutor and the Probation Officer who prepared and presented the Presentence Report to the Court. "[A] Rule 60(b) Motion . . . confines itself not only to the first federal habeas petition, but to a nonmerits aspect of the first federal habeas proceeding." *Gonzalez v. Crosby,* 545 U.S. 524, 534, 125 S.Ct. 2641, 2649 (2005). Moreover, "Rule 60(b) contains its own limitations, such as the requirement that the motion 'be made within a reasonable time' and the more specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud). Second, our cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Id.,* at 535.

Even if Movant's claim of fraud upon the court by an adverse party were relevant to his first federal habeas/§ 2255 motion, which was denied on August 10, 2001 (R-256), the same would be barred by the one-year period of limitations of Rule 60(b) itself.

Movant Boswell's indication that the "extraordinary circumstances," which might support a Rule 60(b)(6) motion, are his claims of error as to Rules 32 and 43, Fed.R.Cr.P., at the time of Movant's sentencing. These claims, however, are not claims of procedural defects in his first federal habeas/§ 2255 motion, and cannot be brought under Rule 60(b), Federal Rules of Civil Procedure. *Gonzalez,* 545 U.S. at 534.

Inasmuch as all of Movant's claims are challenges to his sentencing procedure, with the obvious implication that his sentence be vacated, set-aside, corrected or modified, his

motion asserts claims which make it a second and successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, requiring authorization from the United States Court of Appeals for the Eleventh Circuit pursuant to 28 U.S.C. § 2244 for this court to assume jurisdiction.

**WHEREFORE, IT IS RECOMMENDED** that Movant's Rule 60(b) Motion be DISMISSED for lack of jurisdiction in this court. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 28th day of August 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE