# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

**UNITED STATES OF AMERICA,**

v.                                                          CASE NO. 3:96-CR-00008 (HL)

**LUCIUS BOSWELL,**

       Defendant.

## ORDER

This case is before the Court on Defendant's Pro-Se Motion to Correct Sentence pursuant to Federal Rule of Civil Procedure 60(a) (Doc. 394). The Motion is denied.

## I. BACKGROUND

On April 14, 1997, Lucius Boswell ("Boswell") was convicted by a jury on Counts One, Two, and Five of his indictment.[1] Count One was for conspiracy to possess with the intent to distribute a Schedule II controlled narcotic, cocaine base, and Counts Two and Five were for possession with intent to distribute a Schedule II controlled narcotic, cocaine base (Doc. 159).

At the sentencing hearing for Boswell on September 5, 1997, the Court orally imposed a mandatory life sentence without release, as well as a mandatory assessment fee in the amount of $200 (Doc. 174, p. 75). The written judgment was entered on September 12, 1997, committing Boswell to the custody of the United

---

[1] Boswell is referred to as both "Lucious Boswell" and "Lucius Boswell" in the record.

States Bureau of Prisons for a term of life as to Count One and 480 months on Counts Two and Five to run concurrently, for a total imprisonment of life. The judgment also imposed a term of supervised release of ten years and a mandatory assessment fee of $200 (Doc. 159). Boswell filed a timely appeal and his conviction and sentence were affirmed by the United States Court of Appeals for the Eleventh Circuit on December 7, 1998 (Doc. 186).

Subsequently, Boswell filed numerous motions attacking the judgment, most of which were aimed at correcting his sentence. Of particular importance to the Court is the motion Boswell filed on December 12, 2002, to correct his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B). In that motion, Boswell stated that the oral and written judgment were different because the oral judgment did not impose a sentence on Counts Two and Five, and argued that the sentence given orally should control (Doc. 278). The Court denied Boswell's motion (Doc. 281) and the Eleventh Circuit affirmed (Doc. 285).

In the motion now before the Court, Boswell sets forth various contentions as to why his sentence should be changed. His initial motion asked the Court to correct his sentence pursuant to Rule 60(a) of the Federal Rules of Civil Procedure (Doc. 394). However, in his reply, Boswell indicates that his motion should have been filed under Rule 36 of the Federal Rules of Criminal Procedure (Doc. 397). Furthermore, although more difficult to ascertain from his motion, Boswell contends that his right to be present at sentencing under Fed. R. Crim. P. 43(a) and the Due Process Clause of the Fifth Amendment was violated because he was not present when the Court

entered the written judgment (Doc. 394). For the following reasons the Court finds these arguments without merit, and thus denies Boswell's motion.

## II. ANALYSIS

### A. Law-of-the-Case

In its response, the Government argues that this Court lacks jurisdiction to hear Boswell's claim under the law-of-the-case doctrine (Doc. 396). The doctrine stands for the proposition that "both district courts and appellate courts are generally bound by a prior appellate decision in the same case." Thomas v. United States, 572 F.3d 1300, 1303 (11th Cir. 2009) (quoting Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1285-86 (11th Cir. 2004)). The rationale behind the doctrine is that it promotes efficiency and consistency by precluding courts from "revisiting issues that were decided explicitly or by necessary implication in a prior appeal." Thomas, 572 F.3d at 1303 (quoting Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005)). There are a few exceptions to the law-of-the-case doctrine, but none of them are relevant to the present case. *See* Thomas, 572 F.3d at 1303-04.

As previously noted, Boswell has already attempted to correct his sentence under 18 U.S.C. § 3582(c)(1)(B) (Doc. 278). The motion was denied by this Court on January 21, 2003 (Doc. 281), and that decision was affirmed by the Eleventh Circuit on May 27, 2003 (Doc. 285). Thus, the correction of Boswell's sentence is an issue that has been explicitly decided in a previous appeal. Therefore, this Court lacks jurisdiction to address the issue again. However, because Boswell sets forth multiple

arguments in his motion and reply, the Court will consider each in turn to show its lack of merit.

   **B. Fed. R. Civ. P. 60(a)**

Boswell initially filed this motion asking the Court to correct a "clerical mistake" in the sentencing judgment under Fed. R. Civ. P. 60(a) (Doc. 394). However, the Federal Rules of Civil Procedure do not apply to criminal cases. *See* United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (stating that "the Federal Rules of Civil Procedure unambiguously limited their application to *civil* cases") (citation omitted) (emphasis in original). Consequently, the use of Rule 60(a) to correct Boswell's sentence is not permitted. Nevertheless, after realizing his mistake, Boswell's reply asked the Court to correct his sentence pursuant to Fed. R. Crim. P. 36, instead of Rule 60(a) (Doc. 397). Even under Rule 36, however, Boswell's motion is without merit.

   **C. Fed. R. Crim. P. 36**

Rule 36 allows a court to correct a clerical error in a judgment at any time. Fed. R. Crim. P. 36. However, it is clear that Rule 36 cannot be used "to make a substantive alteration to a criminal sentence." United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004) (quoting United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003)). Here, Boswell is essentially asking the Court to nullify the sentencing for Counts Two and Five. Such a change is precisely the type of substantive alteration to a criminal sentence that is not allowed under Rule 36. *See, e.g.,* Pease, 331 F.3d at 816 (holding that amending the defendant's sentence to

4

include an order of forfeiture was a substantive alteration that is not permitted under Rule 36). Thus, even if this Court had jurisdiction to decide the issue, it would not have been able to change the sentence under Rule 36.

### D. Fed. R. Crim. P. 43(a) and the Due Process Clause of the Fifth Amendment

Rule 43(a) of the Federal Rules of Criminal Procedure states that a defendant must be present at his sentencing. Fed. R. Crim. P. 43(a)(3). In addition, the Due Process Clause of the Fifth Amendment guarantees a defendant "the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." United States v. Novaton, 271 F.3d 968, 998 (11th Cir. 2001) (quoting Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667 (1987)). The question for the Court to answer is whether the protections given to individuals under Rule 43 and the Due Process Clause include being present when the judge enters the written sentencing judgment. Putting aside common sense and the administrative nightmare that would result from concluding that every defendant should be present when a judge signs a sentencing judgment, the interpretation that courts have given to Rule 43 and the Due Process Clause requires this Court to answer that question in the negative.

Even though the Eleventh Circuit has not ruled on this particular issue, it has stated that the rationale underlying Rule 43 is to "ensure that at sentencing-a critical stage of the proceedings against the accused-the defendant has an opportunity to challenge the accuracy of information the sentencing judge may rely on, to argue

5

about its reliability and the weight the information should be given, and to present any evidence in mitigation he may have." United States v. Jackson, 923 F.2d 1494, 1496-97 (11th Cir. 1991). Furthermore, Rule 43 has also been interpreted to require only that "the defendant be present when sentence is *announced* by the court." Henley v. Heritage, 337 F.2d 847, 848 (5th Cir. 1964) (emphasis added). Thus, it seems clear from past decisions, as well as from overwhelming logic, that a defendant's right to be present at sentencing under Rule 43 only extends to sentencing hearings where he is able to challenge the evidence against him. This interpretation is bolstered by reference to other sections of the Federal Rules of Criminal Procedure, in particular Rule 32. Under Rule 32(k), the only requirement of a federal court entering a judgment is that the judgment must "set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence." Fed. R. Crim. P. 32(k)(1). There is no requirement that the defendant be present when the written judgment is entered. Accordingly, it is consistent with the rest of the Federal Rules of Criminal Procedure that Boswell's right to be present at his sentencing under Rule 43 only extends to sentencing hearings, and not to the entering of the written judgment. This is equally true of Boswell's due process claim.

The Supreme Court has determined that a defendant's due process right to be present at every stage of his proceeding only extends to those stages where he would have the opportunity to "defend against the charge." Stincer, 482 U.S. at 745 (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06, 54 S.Ct. 330, 332 (1934) (overruled on other grounds)). In addition, other circuits have considered the

constitutional due process right more narrow than the right to be present at sentencing under Rule 43, although this circuit has never directly addressed the issue. *See* United States v. Boyd, 131 F.3d 951, 953 (11th Cir. 1997) (recognizing that, even though it was not asked to rule on the issue, other "circuit courts of appeals have concluded that Rule 43's protections are broader than those afforded both by the Sixth Amendment and by due process, and thus if the rule does not require a defendant's presence at a given proceeding, neither does the Constitution"). However, even if the rights do overlap, a defendant's presence is not guaranteed under the Due Process Clause when his "presence would be useless, or the benefit but a shadow." Stincer, 482 U.S. at 745 (quoting Snyder, 291 U.S. at 106-07). Such is the situation in this case. Boswell's presence at the signing of the judgment would not have changed the result, especially since it has already been decided by the Eleventh Circuit that the written judgment contains the intended sentence (Doc. 285). Thus, Boswell's claim that his right to be present at sentencing was violated under Rule 43 and the Due Process Clause of the Fifth Amendment, because of his absence at the time the written judgment was entered, is also meritless.

**IV.    CONCLUSION**

For the reasons discussed above, Boswell's Motion to Correct Sentence (Doc. 394) is denied.

**SO ORDERED**, this the 23rd day of February, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

rms